1  AARON D. FORD
   Attorney General
2  PETER E. DUNKLEY, Bar No. 11110
   Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, NV 89701-4717
5  Tel: (775) 684-1259
   E-mail: pdunkley@ag.nv.gov
6
7  *Attorneys for Defendants*
   *Marsha Johns*

```
┌────────────────────────────────────────┐
│ ✓ FILED        ____ RECEIVED            │
│ ____ ENTERED   ____ SERVED ON           │
│         COUNSEL/PARTIES OF RECORD       │
│  ┌──────────────────────────────┐       │
│  │                              │       │
│  │        SEP 2 0 2019          │       │
│  │                              │       │
│  └──────────────────────────────┘       │
│       CLERK US DISTRICT COURT           │
│        DISTRICT OF NEVADA               │
│  BY: _____ DEPUTY    │
└────────────────────────────────────────┘
```

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF NEVADA**

10 AZUJHON KENNETH SIMS,

11            Plaintiff,                 Case No.  3:17-cv-00543-RCJ-CBC

                                          *ORDER*
12 vs.
                                          **DEFENDANT'S MOTION FOR**
13 ROMEO ARANAS, et al.,                  **ENLARGEMENT OF TIME TO FILE A**
                                          **DISPOSITIVE MOTION**
14            Defendants.                 **(First Request)**

15        Defendant, Marsha Johns, by and through counsel, Aaron D. Ford, Nevada Attorney General,

16 and Peter E. Dunkley, Deputy Attorney General, hereby move this Court for an order enlarging the time

17 for Defendant to file an answer. This Motion is made pursuant to Federal Rule of Civil Procedure

18 ("Fed. R. Civ. Proc.") 6(b) and is based upon the following Points and Authorities and all pleadings and

19 papers on file herein. This Motion is made in good faith and not for the purposes of undue delay.

20 Defendant requests an additional fourteen (14) days to file an answer to Plaintiff's four (4) part

21 complaint, (ECF Nos. 9, 9-1, 9-2, 9-3).

22              **MEMORANDUM OF POINTS AND AUTHORITIES**

23 I.     **RELEVANT FACTS AND PROCEDURAL HISTORY**

24        This is an inmate civil rights lawsuit brought by Plaintiff Azujhon Sims ("Plaintiff"), pursuant to

25 42 U.S.C. § 1983, and the Eighth Amendment to the U.S. Constitution regarding the handling of his

26 medical requests.   Plaintiff was an inmate in the lawful custody of the Nevada Department of

27 Corrections ("NDOC"). (*See generally*, ECF No. 9.)

28 / / /

                                          1

1    The Complaint, filed in four parts, contains more than 100 pages. (*See* ECF No. 9 (16 pp.) 9-1

2   (30 pp.), 9-2 (30 pp.), and 9-3 (39 pp.).)

3    On August 30, 2019, a summons and proof of service of Defendant Johns was filed (ECF No.

4   26). An answer to the complaint is due today.

5   **II.    LEGAL STANDARD**

6    District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v.*

7   *Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir.

8   1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

9    When an act may or must be done within a specified time, the court may,
      for good cause, extend the time: (A) with or without motion or notice if
10     the court acts, or if a request is made, before the original time or its
      extension expires; or (B) on motion made after the time has expired if the
11     party failed to act because of excusable neglect.

12    "The proper procedure, when additional time for any purpose is needed, is to present to the

13   Court a timely request for an extension before the time fixed has expired (*i.e.,* a request presented

14   before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line*

15   *Co.,* 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such

16   as an attorney's "conflicting professional engagements" or personal commitments such as vacations,

17   family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court

18   deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made."

19   *Creedon v. Taubman,* 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's

20   diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.,*

21   975 F.2d 604, 609 (9th Cir. 1992).

22   **III.    DISCUSSION**

23    Defendant's deadline to file an answer is today, September 19, 2019. As the deadline has not yet

24   expired, Defendant must therefore demonstrate good cause for the requested enlargement. Good cause

25   exists to enlarge the time for Defendant to file an answer because counsel has only been recently employed

26   with the Office of the Attorney General and been assigned this case. (*See* Notice of Change of Deputy

27   Attorney General, ECF No. 27.) Counsel for the Defendant needs additional time to evaluate the merits of

28   / / /

1   the case, discuss the allegations with the Defendant, and time to evaluate potential defenses and affirmative

2   defenses in order to answer the complaint.

3       Additionally, counsel has been assigned many cases wherein many deadlines were set prior to their

4   assignment to the undersigned, and counsel has not had sufficient time to become familiar with the cases

5   and their respective deadlines, including this case and this deadline.

6       Defendant is seeking this enlargement in good faith and not for the purpose of any unnecessary

7   delay.   Moreover, Defendant does not perceive any possible prejudice to Plaintiff if this motion is

8   granted.   Therefore, Defendant request an additional fourteen (14) days to file an answer and be

9   allowed up to and including Thursday, October 3, 2019, to file an answer.

10  **IV.   CONCLUSION**

11      As stated, Defendant needs additional time to file an answer based on their counsel's recent

12  assignment to the case.   Accordingly, Defendant respectfully request this Honorable Court grant this

13  motion and allow Defendant up to and including Thursday, October 3, 2019, to file an answer.

14      DATED this 19th day of September, 2019.

15                        AARON D. FORD
                          Attorney General

16

17                By:    /s/ Peter E. Dunkley
                       PETER E. DUNKLEY, Bar No. 11110

18                         Deputy Attorney General

19                         *Attorneys for Defendant*

20

21                         IT IS SO ORDERED

22

23                         U.S. MAGISTRATE JUDGE

24                         DATED: 9/20/2019

25

26

27

28